IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOUWELING INTELLECTUAL PROPERTIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>VAN DER HOEVEN AMERICAS, INC., a Delaware Corporation, and VAN DER HOEVEN HORTICULTURE PROJECTS B.V., a business entity of unknown form,<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Houweling Intellectual Properties, Inc. ("Houweling" or "Plaintiff") brings this action seeking injunctive relief and damages in order to protect and enforce its patent rights against knowing and willful infringement by Defendants Van der Hoeven Americas, Inc., Van der Hoeven Horticulture Projects B.V. ("Van der Hoeven" or "Defendants"). Houweling alleges as follows:

**THE PARTIES**

1. Houweling is a corporation duly organized and existing under the laws of the State of Delaware.

2. Defendant Van der Hoeven Horticulture Projects B.V. is a company of unknown form having a place of business with an address of Vrij-Harnasch 124, 2635 BZ Den Hoorn, The Netherlands. On information and belief, Van der Hoeven Horticulture Projects B.V. is engaged in the design, building, and operation of greenhouses.

3. Defendant Van der Hoeven Americas, Inc., is a Delaware Corporation having a place of business 228 East 45th Street, New York, NY 10017. On information and belief, Van der Hoeven Americas, Inc. is engaged in marketing Defendants' greenhouses in the U.S. and Mexico.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 100 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because, on information and belief, they have sufficient minimum contacts with this forum as a result of business conducted within this District. On information and belief, Defendants have committed acts of patent infringement within this District giving rise to this action through the offer for sale of greenhouses and have established minimum contacts with this forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Defendants reside in this district because they are subject to personal jurisdiction in this district. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## HOUWELING AND THE ASSERTED PATENTS

7. Houweling's principal Casey Houweling invented unique and novel features for a greenhouse with a climate control system adjacent to the growing section of a greenhouse, which are protected by U.S. Patent No. U.S. Pat. No. 8,707,617 (the "'617 Patent"), which was duly and legally issued on April 29, 2014. As explained in more detail below, at the time of issuance, Casey Houweling was the principal for another company that built and operated greenhouses under the Ultra Clima name in the U.S. and abroad using the technology and inventions of the

'617 Patent. The '617 Patent and related patents have since been assigned to holding company that licenses the patents to cooperative greenhouse manufacturers.

8. The '617 patent is valid and enforceable, and a true and correct copy of the '617 Patent is attached hereto as Exhibit A.

9. Claim 1 of the '617 Patent recites:

A greenhouse, comprising:

    a growing section;

    a climate control system comprising a substantially enclosed end gable adjacent to and outside said growing section, said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents;

    wherein said climate control system is arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said climate control system and into said growing section, re-circulating air from said growing section back into said climate control system and into said growing section, and a combination thereof, said ambient air, re-circulating air, or combination thereof, flowing through said climate control section and into said growing section to control the climate within said growing section.

10. Claim 17 of the '617 Patent recites:

A greenhouse, comprising:

    a substantially enclosed growing section; and

    a substantially enclosed end gable adjacent to and outside said growing section, said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents, said end gable arranged to flow cool air into said growing section to reduce the temperature therein, to flow warm air into said growing section to increase the temperature therein, and to re-circulate air within said growing section when the temperature therein is at the desired level, said temperature reducing air, temperature increasing air, and re-circulating air passing through said end gable and into said substantially enclosed growing section to control the temperature therein.

11. Houweling is the owner by assignment of all rights, title, and interest in the '617 Patent, and possesses the exclusive right to enforce the '617 Patent, including the exclusive right

to recover damages for past infringement.

12. Houweling's unique and novel greenhouse climate control system is also protected by U.S. Pat. No. 11,412,668 (the "'668 Patent"), which is a continuation of the application that issued as the '617 Patent. The '668 Patent is valid and enforceable, and a copy of the '668 Patent is attached hereto as Exhibit B.

13. Claim 1 of the '668 Patent recites:

A greenhouse, comprising:

a greenhouse structure having outside walls and a floor, said greenhouse structure comprising a climate control system and a growing section;

wherein said climate control system is separated by a partition from said growing section, wherein said partition is parallel to and runs the entire length of one of the sides of said greenhouse structure such that said climate control system is bordered only by said walls of said greenhouse structure and said partition, said climate control system arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said growing section and/or by re-circulating air from said growing section back into said growing section, wherein said climate control system comprises one or more vents adapted to draw ambient air into said climate control system, wherein said partition comprises a partition vent to allow air to pass between said growing section and said climate control system, whereby a plurality of tubes are in communication with said one or more vents to regulate the environment of said growing section, wherein said tubes are arranged at the bottom of said growing section to uniformly distribute air to a greenhouse crop within said growing section such that said tubes uniformly distribute air from a location near the bottom of said growing section.

14. Claim 14 of the '668 Patent recites:

A greenhouse, comprising:

a greenhouse structure having outside walls and a floor, said greenhouse structure comprising a climate control system and a growing section;

wherein said climate control system is separated by a partition from said growing section, wherein said partition runs from the floor of said greenhouse structure and the entire length of one of said outside walls, wherein said partition is parallel to said one of said outside walls such that at least part of said climate control is within the entire area formed by said walls of said greenhouse structure and said partition, said climate control system arranged to control the environment within

said growing section by flowing ambient air from outside said greenhouse into said growing section, re-circulating air from said growing section back into said growing section, and a combination thereof, said ambient air, re-circulated air, or combination thereof, flowing through said climate control system and into said growing section, wherein said climate control system comprises one or more vents adapted to draw ambient air into said climate control system, wherein said partition comprises a partition vent to allow air to pass between said growing section and said climate control system, whereby a plurality of tubes are in communication with said one or more vents to regulate the environment of said growing section.

15. Houweling is the owner by assignment of all rights, title, and interest in the '668 Patent, and possesses the exclusive right to enforce the '668 Patent, including the exclusive right to recover damages for past infringement.

16. The prior assignee of the '617 Patent and the application that became the '668 Patent, Houweling Nurseries Oxnard, Inc. under the direction of Casey Houweling, developed, built and operated greenhouses using the technology in the '617 Patent and '668 Patent. These greenhouses are located in Camarillo California, Mona Utah, and Vancouver British Columbia. These greenhouses were developed to grow vegetables such as tomatoes and cucumbers and continue to grow vegetables and other crops today.

17. Houweling also licenses the '617 Patent, the '668 Patent and other related patents to greenhouse builders that market and build greenhouses incorporating the patented technology disclosed in the '617 patent.

## DEFENDANTS' INFRINGEMENT

18. On information and belief, Defendants have offered for sale and continue to offer for sale in the U.S., including in this judicial district, greenhouses that infringe at least claims 1 and 17 of the '617 Patent and claims 1 and 14 of the '668 Patent.

19. On information and belief, in November or December of 2021, Defendants offered to sell a greenhouse to an indoor farming company and greenhouse operator known as Bright Farms, which is located in Rochelle, Illinois. On further information, the greenhouse that

Defendants offered was the same as or substantially the same as Defendants' greenhouse marketed, offered for sale, sold and manufactured under the ModulAIR name. Below is an image of the ModulAIR greenhouse from Defendants' ModulAIR website brochure attached hereto as Exhibit C.



20. On information and belief, at least Defendant Van der Hoeven Horticulture Projects B.V. had actual notice of its infringement of the '617 Patent from 2016 or earlier, when it was made aware of notice letters that Houweling sent to operators of greenhouses built by Defendants. These letters advised that Defendants' greenhouses, including the ModulAIR

6

greenhouse, are covered by the '617 Patent and other related patents ("Houweling Patents"). The letters requested that the greenhouse operators conduct an investigation related to the use and manufacturing of greenhouses or greenhouse system covered by the Houweling Patents. In response, Defendants' attorney sent the previous assignee of the '617 Patent a letter acknowledging the notice letters sent to the greenhouse operators and made numerous threats of legal action against the previous assignee for sending the notice letters.

21. Instead of cooperating with Houweling or the previous assignee in resolving the dispute regarding Defendants' infringing greenhouses, Defendants engaged in attacks on Houweling's related patents in Australia, Europe and in the United States in an effort to have these patents revoked or their claims held unpatentable. In each case, one or more claims of the Houweling patent that was being attacked have been upheld. For example, on December 14, 2016, on information and belief, one or both of the Defendants led a group of European greenhouse builders in seeking Inter Partes Review of the '617 Patent. Following extensive briefing and a hearing before the U.S. Patent and Trademark Office, all but one of the claims in the '617 Patent were upheld as patentable (see IPR2017-00476). J.M. Van der Hoeven B.V. appealed this decision to the Court of Appeal for the Federal Circuit, where the decision of the USPTO was affirmed.

22. Despite Houweling providing clear notice to Defendants regarding infringement of the '617 Patent, and on information and belief, Defendants continued to and will continue to infringe the '617 Patent and the '668 Patent by offering to sell, selling, and/or building its infringing greenhouses in the U.S. This is evidenced by at least the Defendants' recent opening of a New York division/office that is designed to market Defendants' greenhouses in the U.S. and Mexico.

7

**FIRST CAUSE OF ACTION**

**(Direct, Induced, and Contributory Patent Infringement of the '617 Patent; against all Defendants; 35 U.S.C. § 271)**

23. Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

24. Houweling is the assignee and owner of all rights, title, and interest to the '617 Patent, entitled "*Greenhouse and Forced Greenhouse Climate Control System and Method*," which was duly and legally issued by the United States Patent and Trademark Office on April 29, 2014, and which has been duly and legally assigned to Houweling. The '617 Patent is valid and enforceable.

25. Houweling has never licensed Defendants under the '617 Patent or otherwise authorized Defendants to practice the '617 Patent.

26. On information and belief, Defendants have infringed and continue to infringe at least claims 1 and 17 of the '617 Patent under 35 U.S.C. §271(a) by offering to sell in the U.S. greenhouses that include all of the features claimed by these claims, including at least the greenhouse offered for sale to Bright Farms, without the authority of Houweling.

27. On information and belief, and by way of example, the greenhouse that Defendant offered to sell Bright Farms comprises a climate control section, comprising a configuration of vents, louvers and tubes allowing for the utilization of ambient air, recirculated air or a combination thereof, such that the product in question meets the limitations of at least claims 1 and 17 of the '617 Patent.

28. On information and belief, before their first acts of infringement, Defendants

8

knew of Houweling's Ultra Clima greenhouse, knew the Ultra Clima greenhouse was patent-protected, knew that Houweling had obtained the '617 Patent, knew Defendants' greenhouse product was substantially similar such that it would infringe the '617 Patent, and knew Defendants' use of that design was unauthorized.

29. On information and belief, Defendants' infringement of the '617 Patent has damaged and will continue to damage Houweling, or is likely to damage Houweling, in an amount yet to be determined.

30. Defendants received notice that their greenhouses, including the ModulAIR greenhouse, infringe at least one claim of the '617 Patent at least as early as 2016. However, despite such knowledge, Defendants have offered to sell infringing greenhouses in the United States, including offering to sell an infringing ModulAIR greenhouse to Bright Farms. Defendants' infringement of the '617 Patent is, has been, and continues to be willful and deliberate.

31. Defendants' infringement of the '617 Patent will irreparably injure Houweling, and Houweling has no adequate remedy at law for these injuries. Unless further infringing acts are enjoined by this Court, Houweling will continue to suffer irreparable injury.

32. This is an exceptional case such that Houweling should be awarded its reasonable attorneys' fees and expenses incurred in bringing and in furtherance of this action.

## SECOND CAUSE OF ACTION

**(Direct, Induced, and Contributory Patent Infringement of the '668 Patent; against all Defendants; 35 U.S.C. § 271)**

33. Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph,

photograph, figure, and table has been fully set forth herein.

34. Houweling is the assignee and owner of all rights, title, and interest to the '668 Patent, entitled "*Greenhouse and Forced Greenhouse Climate Control System and Method*," which was duly and legally issued by the United States Patent and Trademark Office on August 16, 2022, and which has been duly and legally assigned to Houweling. The '668 Patent is valid and enforceable.

35. Houwelikng has never licensed Defendants under the '668 Patent or otherwise authorized Defendants to practice the '668 Patent.

36. On information and belief, Defendants have infringed and continue to infringe at least claims 1 and 14 of the '668 Patent under 35 U.S.C. §271(a) by offering to sell in the U.S. greenhouses that include all of the features claimed these claims, including at least the greenhouse offered for sale to Bright Farms, without the authority of Houweling.

37. On information and belief, and by way of example, the greenhouse that Defendant offered to sell to Bright Farms comprises a climate control section, comprising a configuration of vents, louvers and tubes allowing for the utilization of ambient air, recirculated air or a combination thereof, such that the product in question meets the limitations of at least claims 1 and 14 of the '668 Patent.

38. On information and belief, before their first acts of infringement, Defendants knew of Houweling's Ultra Clima greenhouse, knew the Ultra Clima greenhouse was patent-protected, knew their infringing greenhouse product was substantially similar such that it would infringe the '668 Patent, and knew Defendants' use of that design was unauthorized.

39. On information and belief, Defendants' infringement of the '668 Patent has damaged and will continue to damage Houweling, or is likely to damage Houweling, in an

amount yet to be determined.

40. Defendants' infringement of the '668 Patent will irreparably injure Houweling, and Houweling has no adequate remedy at law for these injuries. Unless further infringing acts are enjoined by this Court, Houweling will continue to suffer irreparable injury.

41. This is an exceptional case such that Houweling should be awarded its reasonable attorneys' fees and expenses incurred in bringing and in furtherance of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Houweling Intellectual Properties, Inc. prays for relief as follows:

A. Entry of judgment against Defendants, and for Houweling, that the '617 Patent and the '668 Patent have been directly infringed by Defendants;

B. Entry of judgment holding Defendants jointly and severally liable for infringement of the '617 Patent and the '668 Patent;

C. Judgment that Defendants' acts of patent infringement are willful.

D. A post-judgment accounting of damages for the period of infringement of the '617 Patent and the '668 Patent following the period of damages established by Houweling at trial;

E. An award of damages adequate to compensate Houweling for the infringement of Defendants together with pre-judgment interest and post judgment interest, but in no event less than a reasonable royalty under 35 U.S.C. §284.

F. An order preliminarily and then permanently enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the '617 Patent and the '668 Patent;

  G. If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

  H. An order that Defendants be ordered to surrender for destruction of all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of the '617 Patent and the '668 Patent and/or the means by which such infringement is facilitated;

  I. That Plaintiff be awarded the profits acquired by Defendants through Defendants' unlawful acts;

  J. That the Court increase and enhance by three times any award of damages so adjudicated against Defendants under 35 U.S.C. §284;

  K. An order declaring that this is an exceptional case within the meaning of 35 U.S.C.§285;

  L. An award of costs and attorney's fees; and

  M. Such other and further relief as the Court deems proper in law or equity.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Houweling Intellectual Properties, Inc., hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

Dated: October 31, 2022                                   Respectfully submitted,

/s/ *Mircea A. Tipescu*
Mircea A. Tipescu (IL Bar No. 6276053)
BENESCH FRIEDLANDER
  COPLAN & ARONOFF
71 South Wacker Drive, Suite 1600
Chicago, IL 60606 4637
Tel: (312) 212-4949
Fax: (312) 767-9192
mtipescu@beneschlaw.com

Jaye G. Heybl (*pro hac vice to be filed*)
Steven Hanle (*pro hac vice to be filed*)
Salil Bali (*pro hac vice to be filed*)
Ahmad S. Takouche (*pro hac vice to be filed*)
STRADLING YOCCA CARLSON &
  RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Tel: (949) 725-4000
Fax: (949) 725-4100
jheybl@stradlinglaw.com
shanle@stradlinglaw.com
sbali@stradlinglaw.com
atakouche@stradlinglaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 31, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                 */s/ Mircea A. Tipescu*
                                                 Mircea A. Tipescu

                                                 *Attorney for Plaintiff*