

## de Rechtspraak
Rechtbank Rotterdam



**FILED**
**3/27/2025**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
|  | To: The Honorable Gabriel A. Fuentes<br>United States Magistrate Judge<br>United States District Court for the Northern District of Illinois<br>Eastern Division<br>Dirksen United States Courthouse<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>United States of America | Handel<br><br>bezoekadres<br>Steegoversloot 36<br>3311 PP Dordrecht<br><br>correspondentieadres<br>postbus 7003<br>3300 GC Dordrecht |
| date | 11 februari 2025 |  |
| contact person | A. J. Fyfe | t 088-36 11918 |
| our references | C/10/692913 / HA RK 25/59<br>C/10/692916 / HA RK 25/60 | rechtspraak.nl/contact/Rdam |
| your references | Case No. 1:22-cv-06003<br>Case No. 1:22-cv-06004 | Bij beantwoording de datum en ons kenmerk vermelden. |
| subject | HOUWELING INTELLECTUAL PROPERTIES INC./RICHEL GROUP | Wilt u slechts één zaak in uw brief behandelen. |

Dear Sir,

This Court has been ordered by the Competent Authority in The Netherlands to execute your requests referred to above under the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The decision by the Competent Authority is dated October 12, 2023, but has temporarily been lost in the mail and was not delivered to this Court until recently.

Please could you advise the Court if the requests still stand despite the time lapse? If that is the case, the Court will proceed to execute the requests. The Court will then request the parties to provide their obstacle dates and the obstacle dates of the witnesses to the Court. Subsequently the Court will fix a date for the hearing and will request counsel for the plaintiffs to arrange for an interpreter and to call the witnesses.

Do note that The Netherlands have opted for the exception laid down in Article 23 of the Convention, meaning that The Netherlands will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries. This means that the Court will not execute your requests to the extent their purpose is to obtain documents.

As regards the requests to obtain deposition testimony: these are capable of being executed. However, do note that they include requests to follow certain specific methods and procedures that are not customary in The Netherlands, including:

a. that the examination(s) be taken before a stenographer and a videographer selected by Defendants;
b. that the parties' legal representatives, their interpreters, the stenographer, and the videographer be permitted to be present or participate remotely during the examination(s);
c. that the stenographer be permitted to record a verbatim transcript of the examination(s);
d. that the videographer be permitted to record the examination(s) by audiovisual means;
e. that the examination(s) be conducted in English;



## de Rechtspraak
Rechtbank Rotterdam

| | |
|---|---|
| date | 11 februari 2025 |
| references | C/10/692913 / HA RK 25/59 |
| | C/10/692916 / HA RK 25/60 |
| page | 2 van 2 |

f. that the examination(s) is/are conducted through an interpreter, verbatim transcripts of the proceeding(s) in both English and Dutch may be permitted;
g. that the witness(es) be examined for no more than seven hours of testimony;
h. that U.S. counsel for Richel, Van der Hoeven, HIFI, and Kubo be permitted to participate in the examination(s), by attending the testimony of the witness(es) either in person or by video link and be permitted to examine and cross examine the witness(es), with equal time for questioning by Defendants on the one hand and by Plaintiffs on the other hand.

These methods and procedures are not prima facie impermissible in The Netherlands and may likely be followed, at the discretion of the handling judge, if none of the parties object.

Please direct your response to this letter to:

Rechtbank Rotterdam, locatie Dordrecht
t.a.v. A.J. Fyfe
Kamer D355
Steegoversloot 36
3311 PP  Dordrecht
The Netherlands

Kind regards,

N41